The plaintiff instituted the present action to foreclose a mechanic's lien and to recover sums due to it with respect to a result of paving and related work performed in July of 1991 on property owned by the corporate defendant. The defendant has pleaded, as a special defense, that the work involved was a home improvement and the plaintiff is barred from recovery noted because, under General Statutes 20-429, the defendant had not obtained a certificate of registration when the work was performed; that the contract was verbal and not signed by the contractor; and that the contract did not contain the statutory requirements as set forth in the statute. The defendant has also filed affidavits and documentary evidence in support of its position.
The plaintiff has pleaded, albeit somewhat restrictively, the defense of bad faith. The plaintiff has also filed an affidavit stating that the project was handled in a manner consistent with commercial bidding; that he was led to believe that work involved a commercial project; that it responded to an invitation of bids from Helmsley Spear, Inc. ("HSI") that a contract was signed on behalf of HSI; that payments were made; that he was assured that CT Page 5331 he would be paid when he expressed concern regarding payment and was induced to provide extra work and was promised payment therefor. The affidavit also states that the plaintiff was advised that nothing was wrong with the work which is contrary to the assertions made by the defendant in the present action. The affidavit also makes reference to the understanding of plaintiff that the defendant has previously raised the Home Improvement Act as a defense for work performed at the same location. However, there is no further reference in the document to that element of the plaintiff's affidavit. However, it does appear that prior to the time the plaintiff performed services for the defendant, the defendant had raised the failure to comply with the Home Improvement Act as a defense to a pending matter. See J. Kerslake and Sons v. 521 Corp., No. CV89-102945S (J.D. of Stamford/Norwalk, Cioffi, J. November 30, 1990).
The existing law with respect to Home Improvement contracts has been recently reviewed by our Appellate Court which has that our Supreme Court has held that defective home improvement contracts are unenforceable under almost every imaginable theory. Wadia Enterprises. Inc. v. Hirshfeld,27 Conn. App. 116, 167 (1992). The Wadia court also noted that it has been suggested that bad faith on the part of the homeowner might preclude use of the act as a defense, supra at 168. The Wadia court then stated, supra, at 169: "`[B]ad faith' is an indefinite term that contemplates a state of mind affirmatively operating with some design or motive of interest or ill will . . . . Good faith performance of a contract `emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . .'" (citations omitted).
In the present case, there is a sufficient basis regarding the documents submitted to the court that defendant was aware of the provisions of the Home Improvement Act and of its effect; that the defendant conducted bids for the job in accordance with commercial bidding practice; and that the defendant was sophisticated in the construction field; that the defendant led the plaintiff to believe that it was a commercial transaction; that the defendant induced the plaintiff to perform additional work with representations concerning payment therefor and satisfaction with the performance by the plaintiff of the project.
The court holds that the defendant has not satisfied his burden of demonstrating that there is no genuine material issue of fact with respect to the issue of bad faith/good faith. Accordingly, the Motion for Summary Judgment is denied. CT Page 5332